Original,
No. 5837.

JAMES ALLEN

*v.*

PARKER L. HANCOCK, *Warden.*

Submitted November 7, 1968.
Decided December 31, 1968.

*Verdi McKay* (by brief), for the petitioner.

*George S. Pappagianis,* Attorney General and *Norman E. D'Amours,* Assistant Attorney General (by brief), for the defendant.

GRIFFITH, J. This is a petition for a writ of habeas corpus filed by James Allen presently under confinement in the New Hampshire State Prison by sentence imposed January 12, 1968. Petitioner claims that his sentence was invalid and that he is entitled to release because he was not brought to trial within one hundred and eighty days of his request for a speedy trial in accordance with the provisions of RSA ch. 606-A (supp).

RSA ch. 606-A (supp) was enacted in 1959 following a report by the Judicial Council recommending its passage. N. H. Judicial Council, 7th Report (1958) 28. The purpose, as explained in the Judicial Council Report, was to give formal recognition to the practice of honoring detainers filed by other states against prisoners confined in this state and to provide for trial here of persons serving sentences in other states prior to the expiration of their sentences there. The statute in effect constituted an agreement on disposition of detainers with all other states enacting similar legislation.

Petitioner relies upon the provisions of RSA ch. 606-A:1, *Art.* III (a) (supp) which provides that a prisoner against whom a detainer has been filed in a party state shall be brought to trial in the state lodging the detainer within one hundred and eighty days after he has caused to be delivered to the prosecuting officer and appropriate court of that jurisdiction a request for final disposition.

On July 3, 1967 petitioner, while incarcerated in the Vermont State Prison, filed a petition in the Merrimack County Superior Court asking whether charges were pending against him in Merrimack county and that if there were he be given a speedy trial or that he be informed the charges were dismissed.

The clerk of court of Merrimack county replied to Allen's petition on July 17, 1967 informing him that there were charges pending against him in Merrimack county and that detainers would be lodged against him in Vermont. The letter further told petitioner of the requirements of RSA ch. 606-A (supp) which should be followed by petitioner after the detainers were filed. Allen was informed that after a proper request with a certificate from the Warden of the Vermont State Prison setting forth the terms of his confinement the court would act to remove him temporarily to Merrimack county for trial if Vermont was a party to the Agreement of Detainer's Act. (Vermont became a party to the Interstate Agreement on Detainers on March 23, 1967. Vt. Statutes Annot. Tit. 28, Sec. 1301). The letter further asked whether petitioner desired counsel and informed him that the next term of court would begin on October 16, 1967.

Petitioner replied to the letter from the clerk on July 22, 1967 requesting forms to obtain appointed counsel. In this letter he stated that he was endeavoring to be transferred to New Hampshire State Prison for the balance of a 6-8 months sentence imposed in Vermont. He requested that he be tried while confined in the New Hampshire State Prison. A letter from the Warden of the Vermont State Prison enclosing petitioner's letter of July 22, 1967 stated that there were no present plans to transfer petitioner to the New Hampshire State Prison in part because his minimum term would expire on October 19, 1967.

On July 26, 1967 the clerk of court replied to petitioner's letter of July 22, 1967 enclosing forms to obtain counsel, informing him that he would be tried in the October term and enclosing a copy of a letter to the sheriff of Merrimack county which referred to his minimum release date of October 19, 1967.

Detainers were filed August 2, 1967 with the Vermont State Prison. The Warden of the Vermont State Prison acknowledged receipt of the detainers on August 2, 1967 and further informed the New Hampshire authorities that petitioner had been denied parole and that his new release date was December 14, 1967.

The clerk of court wrote petitioner August 8, 1967 telling him of other charges against him that had been forwarded for disposition in Merrimack county from Hillsborough and Strafford counties. The letter also referred to the new release date of December 14, 1967 and stated that if petitioner wished to come to New Hampshire for trial of the charges against him prior

to his new release date he should follow the procedures under RSA ch. 606-A (supp) as outlined in the clerk's letter of July 17, 1967. No further communication was made by petitioner to the New Hampshire authorities and at the expiration of his Vermont sentence he was returned to New Hampshire. He was assigned counsel, arraigned, pleaded guilty and was sentenced in Merrimack County Superior Court on January 12, 1968.

Petitioner never complied with the provisions of RSA ch. 606-A (supp) and such compliance has been held to be a prerequisite to return to this state for disposition of his case. *State* v. *Bugely,* 103 N. H. 376; RSA 606-A:1, *Art.* III (a) and *Art.* V (a) (supp).

The facts do not indicate a failure by the State to act with dispatch to obtain custody of petitioner for disposal of his case here. Petitioner told New Hampshire authorities first that he expected to serve the balance of his Vermont sentence in New Hampshire. Next he apparently relied upon his minimum release date of October 19, 1967 and finally waited for his final release date of December 14, 1967. He twice ignored the clear instructions of the clerk of court as to the procedure to be followed if he desired to be transferred prior to the completion of his Vermont sentence. However liberal an interpretation we give to the statute to secure a speedy disposition of cases, it is not to be used to obtain dismissal of charges on these facts.

*Petition dismissed.*

All concurred.